Per Curiam.

This is an action in mandamus to compel the Director of Finance of the City of Cleveland to perform certain duties imposed upon him by an ordinance providing for the issuance of notes in anticipation of certain bonds. The bonds involved were authorized by vote of the electors of the city of Cleveland pursuant to Section 3945, General Code.
It is sufficient to state that, under the Uniform Bond Act (Section 2293-1 et seq., General Code), the maxi *43 mum maturity authorized for bonds of the kind here involved is 30 years. Such a limitation on the home-rule powers of a city is specifically authorized by Section 6, Article XIII, and Section 13, Article XVIII, of the Constitution. The maximum maturity of the bonds here involved will be 50 years. Relator relies upon Section 3945, General Code, as authority for issuance of such bonds. That section provides :
“In order to provide funds for the exercise of the powers granted by this act, and in addition to all other powers of cities provided by law, cities are hereby authorized to:
“ (a) Use general tax revenues.
“(b) Issue and sell bonds pursuant to the provisions of the Uniform Bond Act.
“Any bond issue proposed under the provisions of this act shall be submitted to the electors of the city at a general election and shall require for passage the approval of not less than fifty-five per centum of the electors voting upon such issue.
“The maximum maturity of bonds issued pursuant to the provisions of this section, notwithstanding the provisions of Class (H), Section 2293-9 of the General Code, shall be fifty years and the first installment of such bonds, notwithstanding the provisions of Section 2293-12 of the General Code, shall mature not later than five years from the date of issuance thereof. Such bonds shall not be considered in computing the debt limitation set forth in Section 2293-14 of the General Code but the aggregate of such bonds outstanding shall in no event at any time exceed two per cent of the total value of all property in such city as listed and assessed for taxation. Such bonds may be issued subject to call or redemption prior to maturity and may be callable at par or at a premium not to exceed one and one-half per cent.
*44 “The proceeds of the sale of any property acquired by the city pursuant -to this act and sold in accordance with section 9 hereof shall, without further action of the council, be created a bond retirement fund and shall be used to pay the principal of bonds issued by the city pursuant to this section.
“Cities are authorized and permitted to accept advances or loans from the federal government and to accept gifts and grants for the purpose of this act.” (Emphasis supplied.)
That section is a part of the so-called Urban Redevelopment Act (Sections 3941 to 3951, inclusive, General Code). In its brief and argument, relator contended that Section 3945 is valid and severable and could be applied to the bonds here involved “irrespective of the constitutionality of other portions of the Urban Redevelopment Act”; and no effort was made by relator to sustain the constitutionality of such other portions of that act. It may be observed that, in view of the broad home-rule powers of the city of Cleveland with respect to urban redevelopment, recognized in the decision of this court in State, ex rel. Bruestle, City Solicitor, v. Rich, Mayor, 159 Ohio St., 13, 110 N. E. (2d), 778, it would, as a practical matter, be difficult for relator to confine the proceeds of the bonds here involved to the limited powers of urban redevelopment provided for by that act, as well as difficult for relator to comply with the conditions upon the exercise of those powers required by that act. In any event, the argument made by relator proceeds upon the assumption and recognition that certain provisions of that act are subject to constitutional infirmities.
It may be observed that, apart from the provisions of Section 3945, General Code, the admittedly valid statutory provisions of the Uniform Bond Act bar the issuance of bonds such as involved in this case.
*45 In the absence of authority for issuance of the bonds involved, respondent would be under no duty to do anything with respect to issuance of any notes in anticipation of such bonds.
The emphasized portion of Section 3945, General Code, hereinbefore quoted, clearly indicates that the authority for issuance of bonds granted thereby is limited to providing bonds “for the exercise of powers granted by” the Urban Redevelopment Act. If, as is conceded by relator for the purposes of its argument, the provisions of that act granting such powers are subject to constitutional infirmities, it is difficult to apprehend how that section can-have any independent existence even if Section 26-2, General Code, is applied. If the emphasized portion is deleted, the section ceases to have any meaning. It is therefore necessary, in order to determine whether the city may issue the bonds involved, to consider the validity of those provisions of the Urban Redevelopment Act whose validity has been questioned and especially those found in Sections 3, 4 and 7 of that act; and, if any of those questionable provisions are determined to be invalid, to determine whether their invalidity is such as to affect the validity of provisions of the act purporting to grant the “powers” referred to by the words of Section 3945, General Code.
Although a brief, amicus curiae, has been filed in support of the constitutionality of the questioned provisions of the Urban Redevelopment Act, relator presented its arguments upon the assumption and recognition that there are substantial constitutional infirmities in that act. Especially in a case of this nature, this court will not express any opinion on other arguments which might be but were not made by relator in support of the validity of the bonds here involved. State, ex rel. Bruestle, City Solicitor, v. Rich, Mayor, *46 supra, 35; State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 158 Ohio St., 129, 107 N. E. (2d), 206.
However, a majority of the court believes that, if relator desires to file a brief and present further argument in support of the constitutionality of questionable provisions of the Urban Bedevelopment Act and in support of the validity of the act so far as it purports to provide for the “powers” referred to by the words of Section 3945, General Code, and notwithstanding some possible invalidity of certain of those questionable provisions, the relator should be given a further reasonable opportunity to do so. Therefore, if, within 30 days, relator does request leave of this court to do so, such leave will be granted. Otherwise the writ will be denied.

Writ conditionally denied.

Weygandt, C. J., Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.